# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRENDA H. ALMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-00646-KD-M |
| ) | |
| LEXIS NEXIS MEDICAL REVIEW ) | |
| SERVICES, *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on a <u>sua sponte</u> review of the record.

Nearly a year ago, Defendant Lexis Nexis Occupational Health Solutions Inc. (identified in the complaint and on the docket as "Lexis Nexis Medical Review Services"), Defendant Winn-Dixie Montgomery, LLC, and former Defendant Laboratory Corporation of America Holdings (identified in the complaint and on the docket as "Laboratory Corporation of America") (collectively, "the Removing Defendants") removed this action from the Circuit Court of Baldwin County, Alabama on the basis of diversity of citizenship. (Doc. 1). In their notice of removal, the Removing Defendants argued that the citizenship of a fourth defendant, identified in the state court complaint as "'Charlene', whose name is otherwise unknown" and also as "fictitious Defendant D being the correct name of 'Charlene,'" should be disregarded because "Charlene" was fraudulently joined and/or is a fictitious defendant. (Doc. 1 at 6, ¶ 13 & n.3). Because "Charlene" is alleged in the complaint to be an Alabama resident, (Doc. 1-1 at 12, ¶ 4), the Removing Defendants' entreaty to ignore her citizenship was critical, as her inclusion in the case would destroy diversity and divest this Court of jurisdiction. See <u>Legg v. Wyeth</u>, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' — the citizenship of every plaintiff must be diverse from the citizenship of every defendant."). However, Plaintiff

1

Brenda H. Alms ("Alms") never filed a motion to remand, and, until now, the Court did not take it upon itself to address the Removing Defendants' arguments as to why the citizenship of an apparent resident defendant ought to be ignored.

This Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 409, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." (citations omitted)).

Where a case has been removed from state court, the primary question is whether subject matter jurisdiction existed at the time of removal. See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined according to the plaintiff's pleading at the time of the [notice of] removal." (internal quotation marks omitted)).

Accepting as true Plaintiff's allegation that Defendant "Charlene" is an Alabama resident, it appears to the Court that it is without jurisdiction to hear this case unless "Charlene" was fraudulently joined (as the Removing Defendants have claimed) or, alternatively, that "Charlene" is and was a fictitious defendant against whom all claims must be dismissed. See Richardson v. Johnson, 598 F.3d 734, 738 ("As a general matter, fictitious-party pleading is not permitted in federal court.").

Accordingly, it is **ORDERED** that, on or before **Friday, December 9, 2011**, the parties shall file briefs concerning 1) whether "Charlene" should be dismissed for having been fraudulently joined (thereby avoiding remand); and 2) whether "Charlene" is a fictitious defendant (which would result in the dismissal of all claims alleged against "Charlene" and thereby avoid remand).

It is **FURTHER ORDERED** that the motions deadline previously set for Friday, December

9, 2011, is **RESET** to **Friday, January 6, 2012**.

**DONE** and **ORDERED** this the **2nd** day of **December 2011.**


/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**