IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA H. ALMS,<br>　　Plaintiff, | )<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. 10-00646-KD-M |
| | ) | |
| LEXIS NEXIS MEDICAL REVIEW<br>SERVICES, *et al.*,<br>　　Defendants. | )<br>)<br>) | |

## ORDER

This matter is before the Court on the parties' responses to the undersigned's Order dated December 2, 2011, requiring the parties to file briefs concerning whether "Charlene," a party that Plaintiff Brenda H. Alms ("Alms") has named as a defendant in this action, is a "fictitious defendant" as that term is used in 28 U.S.C. § 1441(a) and/or was fraudulently joined in these proceedings. (Doc. 55). For the reasons set forth herein, the Court finds that "Charlene" was fraudulently joined and, accordingly, that her alleged Alabama citizenship is irrelevant for jurisdictional purposes.

**I.　Background**

On October 25, 2010, Alms commenced this action by filing a complaint in the Circuit Court of Mobile County, Alabama that alleged certain causes of action against Defendant Lexis Nexis Occupational Health Solutions Inc. ("Lexis Nexis"), Defendant Winn-Dixie Montgomery, LLC ("Winn-Dixie"), and former Defendant Laboratory Corporation of America Holdings ("LabCorp").[1]

---

[1] Though Alms has not requested leave to amend, Defendants have noted on more than a half-dozen occasions that Alms' complaint misidentified Lexis Nexis as "Lexis Nexis Medical Review Services" and misidentified LabCorp as "Laboratory Corporation of America." (Docs. 1, 4, 7, 14, 15, 16, 37, & 57). All claims against LabCorp have been dismissed with prejudice, (Docs. 37 & 38), but the claims against Lexis Nexis remain alive. Alms' failure to correct her apparent pleading error has given rise to a situation whereby the parties listed in the case caption — and, consequently, on

1

(Doc. 1-1 at 11-18). Alms also pled a cause of action for defamation against Winn-Dixie and a fourth defendant identified in the case caption as "'Charlene,' whose name is otherwise unknown." (Id. at 15-16, ¶¶ 23-27). "Charlene" was alleged to be a resident of Baldwin County, Alabama, who, at all times relevant to Alms' claims, was employed by Defendant Winn-Dixie. (Id. at 12, ¶ 4).

On November 29, 2010, Lexis Nexis, Winn-Dixie, and LabCorp (collectively, the "Removing Defendants") removed Alms' case to federal court on the basis of diversity jurisdiction. (Doc. 1). In their notice of removal, the Removing Defendants argued that the Court should ignore the alleged Alabama citizenship of "Charlene" because "Charlene" had been fraudulently joined and/or was a fictitious defendant. (Id. at 6, ¶ 13 & n.3). Because Alms never filed a motion to remand, the Court did not take it upon itself to address the Removing Defendants' arguments until two weeks ago when, upon a sua sponte review of the record, it inquired into the question of whether this Court had subject matter jurisdiction over the case at the moment of removal. (Doc. 55). While Alms' attorney has responded with a brief that cites no law and offers no support for its conclusory assertion that "'Charlene' was not a fraudulently joined Defendant," (Doc. 56 at 2), the Removing Defendants have cogently and persuasively argued that, because Alms' complaint fails to state a legally viable claim against "Charlene," the opposite is true. (Doc. 57 at 8-14).

## II. Governing Legal Standard

As set forth in Title 28, Section 1332 of the United States Code, federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1) (2006). Section 1332 demands "complete diversity," such that no plaintiff may be a citizen of the same state as any defendant. See Legg v. Wyeth, 428 F.3d 1317, 1325 n.2 (11th Cir. 2005). However, the

---

the Court's docket — differ from those that have appeared in this action.

citizenship of a fraudulently joined defendant must be ignored and cannot defeat diversity. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").

A finding of fraudulent joinder is appropriate where a defendant can show by clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). In determining whether a resident defendant has been fraudulently joined, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Triggs, 154 F.3d at 1287.

**III.   Analysis**

Alms claims that she suffered economic loss, emotional distress, damage to her reputation, and prejudice to her ability to earn her livelihood because "Charlene" told an individual named Bryan — whose name is otherwise unknown to Alms — that Alms "had been found with codeine in her system and had been fired" from her job at the Winn-Dixie supermarket in Foley, Alabama. (Doc. 1-1 at 12, ¶ 6; id. at 13, ¶ 14; id. at 16-17, ¶¶ 24-25).[2] Such a claim sounds in defamation.

In Alabama, the elements of a cause of action for defamation are "1) a false and defamatory

---

[2] None of the other allegations of the complaint relate to "Charlene." In her court-ordered brief, Alms directs the Court to her deposition testimony recounting that Bryan had told her that "Charlene" had told him that Alms had been fired because she had tested positive for cocaine. (Doc. 56 at 5). However, Alms' complaint does not allege that "Charlene" made any statements concerning cocaine. Accordingly, in determining whether there is any possibility that Alms has stated a cause of action against "Charlene," the Court will limit its analysis to the sole allegation set

3

statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence on the part of the defendant; and 4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." McCaig v. Talladega Publ'g Co., 544 So. 2d 875, 877 (Ala. 1989). Unfortunately for Alms, her complaint fails to state a viable claim cause of action against "Charlene." Truth is an absolute defense against a defamation claim, Foley v. State Farm Fire & Cas. Ins. Co., 491 So. 2d 934, 937 (Ala. 1986), and Alms alleges that she did, in fact, test positive for codeine and was, in fact, fired from Winn-Dixie for that reason. (Doc. 1-1 at 12-13, ¶¶ 9-13). Logic requires and Alabama cases demonstrate that a cause of action for defamation cannot lie where, as here, the complaint itself alleges that the defendant's statements were literally true. See, e.g., Mooneyham v. State Bd. of Chiropractic Exam'rs, 802 So. 2d 200, 203 (Ala. 2001) (upholding dismissal of defamation claim that relied on publication of statement that complaint itself alleged to have been true).

**IV. Conclusion**

Accordingly, the Court finds that "Charlene" was fraudulently joined in these proceedings and that her alleged Alabama citizen is to be **IGNORED** for jurisdictional purposes. Whereas Alms' citizenship is diverse from Lexis Nexis' and Winn-Dixie's, the Court is satisfied that it has subject matter jurisdiction over this case and that removal from the Circuit Court of Mobile County, Alabama was proper.

**DONE** and **ORDERED** this the **16th** day of **December 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

forth in the complaint, namely that "Charlene" defamed Alms when she stated that Alms had been fired because a drug test revealed codeine in her system.