IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA H. ALMS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 10-00646-KD-M |
| ) | |
| LEXIS NEXIS OCCUPATIONAL ) | |
| HEALTH SOLUTIONS INC., *et al.*, ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff Brenda H. Alms' "Motion To Amend Complaint." (Doc. 59). Though Plaintiff argues that her amendment merely "clarifies" her original pleading[1] (id. at 1, ¶ 2), the Court reads Plaintiff's proposed amendment (Doc. 59-1) as asserting a new cause of action for invasion of privacy against Defendant Winn-Dixie Montgomery, LLC and alleging new bases for liability on the part of Defendant Lexis Nexis Occupational Health Services Inc.[2]  In support of the proposed amendment, Plaintiff states only that — in her opinion — the amendments "are not prejudicial to the Defendants and should be allowed in the interest of justice and fairness." (Doc. 59 at 1, ¶ 3).

The Federal Rules of Civil Procedure require the Court to limit parties' time to amend pleadings. Fed. R. Civ. P. 16(b)(3). Early in this litigation, Magistrate Judge Bert W. Milling, Jr. ordered that any motion for leave to amend the pleadings or to join other parties be filed on or

---

[1] Before this case was removed from state court, Plaintiff electronically filed two different versions of her complaint. Compare Doc. 14-5 (unsigned complaint dated October 25, 2010) with Doc. 14-6 (signed complaint dated November 15, 2010). The Court regards the later-filed document as the operative complaint in this action.

[2] The Clerk is **DIRECTED** to correct the docket to reflect that "Lexis Nexis Occupational Health Services Inc." is the correct name of the defendant identified in Plaintiff's pleading as "Lexis Nexis Medical Review Services." Once again, the parties are **ORDERED** to use parties' proper names in all papers filed with the Court. (Doc. 48 at 7).

1

before May 6, 2011.   (Doc. 24 at 2, ¶ 5).³   In accordance with Rule 16(b)(4), leave to amend after a scheduling order deadline has passed will be given only upon a showing of "good cause" by the movant.   See Fed. R. Evid. 16(b)(4); see also Smith v. Sch. Bd., 487 F.3d 1361, 1366 (11th Cir. 2007) ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted.").   The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."   Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (citation and quotation marks omitted).   If the Court did not insist on such a showing, "scheduling order deadlines would be meaningless and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure."   Anderson v. Bd. of Sch. Comm'rs, 78 F. Supp. 2d 1266, 1269 (S.D. Ala. 1999).

Plaintiff has failed to demonstrate that there is good cause for her amendment, which she offers more than seven months after the amendment deadline set forth in the Rule 16(b) scheduling order and two-and-a-half weeks before the already once-extended deadline for dispositive motions.   Accordingly, it is **ORDERED** that Plaintiff's motion to amend the complaint is **DENIED**.

**DONE** and **ORDERED** this the **20ᵗʰ** day of **December 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

³   On August 30, 2011, Judge Milling granted the parties' joint motion to extend certain deadlines, and he entered an Amended Scheduling Order shortly thereafter.   (Docs. 46, 47, & 48). The Amended Scheduling Order did not affect the deadline to amend the pleadings, and no party has ever sought an extension of that deadline.